UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CHEYONNA LEWIS,

         Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

         Defendant.

CASE NO. 3:18-CV-5353

ORDER TO SHOW CAUSE

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 9).

      This case is before the Court on plaintiff's failure to respond to the Court's Scheduling Order (Dkt. 12), dated and mailed to plaintiff on July 17, 2018. This Order directed plaintiff to file an opening brief on or before August 14, 2018. Plaintiff has neither filed an opening brief nor asked the Court for more time to do so.

      Plaintiff, Cheyonna Lewis, proceeding *pro se,* filed her complaint in May, 2018 (Dkt. 7). Because plaintiff is proceeding *pro se* and was granted *in forma pauperis* status (Dkt. 6), the

Court directed service of the summons and complaint (Dkt. 8). The Acting Commissioner filed the Answer/Administrative Record on July 16, 2018 (Dkt. 17). The Scheduling Order was filed and mailed to plaintiff on July 17, 2018 (Dkt. 12).

The Scheduling Order provides in pertinent part:

**(1) Plaintiff's Opening Brief**

    (a) Beginning on page one, plaintiff shall list the errors alleged (for example, "Issue No. 1 – The ALJ failed to properly evaluate plaintiff's subjective complaints of pain."), followed by a clear statement of the relief requested. A general statement of an issue, such as "the ALJ's decision to deny benefits is not supported by substantial evidence," is unacceptable. Assignments of error that are not listed in this section of the opening brief will not be considered or ruled upon.

    (b) Plaintiff shall provide a brief summary of the relevant procedural history of the case. Plaintiff shall not include a lengthy recitation of background facts or medical evidence in this section. Discussion of the relevant facts must be presented in the argument section in the context of the specific errors alleged.

    (c) Subsequent sections of the opening brief must fully explain each issue raised in the assignments of error and must include citations to the specific pages of the administrative record and the relevant legal authority that support each argument and request for relief.

Plaintiff appealed the denial of her Social Security applications by filing this lawsuit and thus has the responsibility to explain to the Court (1) what the ALJ did wrong, (2) what evidence supports his position, and (3) why the ALJ's error was harmful, *i.e.,* why it affected the outcome of the case. This responsibility is met by filing an opening brief. The opening brief is important because it informs everyone of the specific claims plaintiff wishes the Court to address, and gives the Acting Commissioner an opportunity to respond. Without an opening brief, the Court would have to guess at what claims plaintiff intends to present. Additionally, the Court cannot act as the lawyer for either side, that is, the Court cannot make arguments on behalf of a party and cannot decide the case based on issues that the parties have not raised.

Only after plaintiff and the Commissioner file their briefs, will the Court be in a position to review the arguments made by both sides and issue a decision. In this case, plaintiff's failure to file an opening brief not only deprives the Court of knowing what claims she wishes the Court to review, it also violates the Court's Scheduling Order. If the Court finds that plaintiff failed to file her brief without just cause, the Court could dismiss the case. Local Civil Rule 11(c); *see, also* Fed. R. Civ. P. 41(b). Given the circumstances in this case, however, the Court would prefer to decide the case on the merits and does not deem the drastic measure of dismissal appropriate at this time.

The Court therefore ORDERS:

(1) Cheyonna Lewis, plaintiff, must submit to the Court by **October 9, 2018** an opening brief explaining what the ALJ did wrong, with citations to the Administrative Record, what evidence supports plaintiff's position, and why the ALJ's error was harmful, and also must follow the requirements noted in the Scheduling Order (*see* Dkt. 12).

(2) If plaintiff does not file or cannot file an opening brief, she must explain why the case should not be dismissed for failing to follow the Court's scheduling order. She must submit this explanation to the Court no later than **October 9, 2018**.

(3) If plaintiff files an opening brief or explains why she failed to follow the scheduling order, the Acting Commissioner shall file a response by **November 5, 2018**.

(4) If plaintiff does not file an opening brief or does not explain why she failed to follow the scheduling order, the case shall be dismissed.

(5) The Clerk is directed to mail a copy of this Order to plaintiff at the last known address.

The Court directs plaintiff to the Court's website, which includes information for *pro se* litigants, such as the *Pro Se* Guide, which includes resources for potentially finding legal advice: http://www.wawd.uscourts.gov/representing-yourself-pro-se (last visited September 7, 2018). *See also "Where Can You Get Legal Advice?"* located at *Pro Se* Guide, p. 38, http://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf (last visited September 7, 2018).

Dated this 11th day of September, 2018.

J. Richard Creatura
United States Magistrate Judge